



Civil Division

JUN **2 0** 2024

US Attorney's Office DC

# BakerHostetler



Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

June 17, 2024

Mark W. DeLaquil
direct dial: 202.861.1527
mdelaquil@bakerlaw.com

Nicole Argentieri
Criminal Division
United States Department of Justice
Room 2107
950 Pennsylvania Ave., NW
Washington, D.C. 20530-0001

Matthew M. Graves
United States Attorney
United States Attorney's Office for D.C.
601 D Street NW
Washington, DC 20579

Re:   Touhy Request in *Awan, et al., v. The Daily Caller, Inc., et al.*,
      Case No. 2020 CA 000652 B (D.C. Sup. Ct.)

Dear Ms. Argentieri and Mr. Graves,

Enclosed please find subpoenas being served upon the U.S. Department of Justice and the Federal Bureau of Investigation on behalf of Defendant Salem Media Group, Inc. ("Salem") in the above-captioned litigation pending in the Superior Court of the District of Columbia (the "Awan Defamation Case"). The subpoenas seek documents and testimony related to the DOJ's investigation and FBI's investigation into Imran Awan, Tina Alvi (f/k/a Hina Alvi), Abid Awan, Jamal Awan, and Rao Abbas, who are the Plaintiffs in the Awan Defamation Case.

In the Awan Defamation Case, the Plaintiffs allege that certain statements in the book titled *Obstruction of Justice: How the Deep State Risked National Security to Protect the Democrats* defamed them. The statements at issue concern Plaintiffs' conduct during and following their employment by various Congresspeople as information technology professionals and the DOJ's and FBI's investigations of that conduct. In or around 2016-2018, the DOJ and FBI are alleged to have investigated public allegations that the Plaintiffs "stole U.S. House of Representatives

Nicole Argentieri and Matthew M. Graves
June 17, 2024
Page 2

("House") equipment and engaged in unauthorized or illegal conduct involving House computer systems." Plaintiffs have placed these investigations front and center in the Awan Defamation Case by contending that Salem's allegedly defamatory statements are false because the DOJ and FBI "thoroughly and extensively investigated the [Plaintiffs], interviewing approximately 40 people and conducting a searching forensic examination of all potentially relevant computer systems and devices"; the DOJ and FBI "definitively concluded that the [Plaintiffs] had not violated any laws in the course of their work at the House"; and the DOJ and FBI "conducted a thorough investigation of those allegations, including interviewing approximately 40 witnesses; taking custody of the House Democratic Caucus server, along with other computers, hard drives, and electronic devices; examining those devices, including inspecting their physical condition and analyzing log-in and usage data; reviewing electronic communications between pertinent House employees; consulting with the House Office of General Counsel and House information technology personnel to access and/or collect evidence; and questioning [Mr. Imran Awan] during numerous voluntary interviews."[1] Plaintiffs' contentions regarding the DOJ's and FBI's investigations come directly from the guilty plea entered in a federal mortgage fraud investigation and subsequent criminal case against Plaintiff Imran Awan, *United States v. Imran Awan*, No. 1:17-CR-00161 (D.D.C.). Thus, these investigations are a central issue in the Awan Defamation Case.

The enclosed subpoenas are being served pursuant to D.C. Superior Court Rules 30 and 34 based on the procedures set forth in 28 C.F.R. § 16.26. "Under 28 C.F.R. 16.26(a)-(b), the DOJ must consider two factors in determining whether to produce documents under a Touhy subpoena. First, should disclosure be made under the rules of procedure governing the case.... And second, does any privilege, most typically the privileges protecting ongoing law enforcement investigations, make production inappropriate." *Mason v. United States Dep't of Just.-Civ. Div.*, No. CV 3:22-MC-00002-KDB, 2022 WL 737459, at *3 (W.D.N.C. Mar. 10, 2022). "[W]hile federal agencies may authorize an agency executive to prescribe regulations for responding to a subpoena, Touhy regulations do not create an 'independent privilege to withhold government information or shield federal employees from valid subpoenas.'" *K-1 Packaging Grp. v. United States Dep't of Veteran Affs.*, No. 518CV02590SVWSHK, 2020 WL 5093080, at *2 (C.D. Cal. June 15, 2020) (quoting *Exxon Shipping Co. v. U.S. Dept. of the Interior*, 34 F.3d 774, 780 (9th Cir. 1994)). The DOJ and FBI should produce the records requested in the enclosed subpoenas because disclosure is appropriate under the applicable rules of procedure, the documents are not privileged, the documents are relevant to the issues in dispute, and Salem has no reason to believe there is an ongoing law enforcement investigation underway with respect to this matter.

Defendant Salem seeks the requested documents and testimony because this evidence is not just relevant, but central, to the Plaintiffs' defamation claims in the Awan Defamation Case. The evidence in the DOJ's and FBI's files concerning the investigations into Plaintiffs form the basis for several elements of the alleged defamation, including falsity, injury, and causation. While highly relevant to the claims and defenses in this case, the DOJ's and FBI's investigation files are

---

[1] Amended Complaint and Demand for Jury Trial at pp. 3, 11 and ¶¶ 27–37, *Awan et al. v. The Daily Caller, Inc., et al.*, Case No. 2020 CA 000652 B (D.C. Sup. Ct. filed Feb. 11, 2020); Plea Agreement, ECF 60 at 5, *United States v. Imran Awan*, No. 1:17-CR-00161 (D.D.C. filed Jul. 3, 2018).

Nicole Argentieri and Matthew M. Graves
June 17, 2024
Page 3

not available to Defendant Salem through any other means. Indeed, we understand these files are in the sole possession of DOJ and FBI.

"[T]he paramount interest of the Government in having justice done between litigants…militates in favor of requiring a great effort on [the Government's] part to produce any documents relevant to a fair termination of this litigation." *Westinghouse Elec. Corp. v. City of Burlington*, 351 F.2d 762, 767 (D.C. Cir. 1965). Defendant Salem does not believe that producing these documents would place an undue burden on the agency, and the documents are relevant to a fair resolution of the Awan Defamation Case. *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 407 (D.C. Cir. 1984) ("A reasonable inconvenience must be borne to further the goals of discovery— the making available to litigants all relevant and available information.").

Please do not hesitate to contact me if you require any additional information to respond to the enclosed subpoena. Thank you for your consideration.

Sincerely,


Mark W. DeLaquil
Partner

**SUBPOENA**

## Superior Court of the District of Columbia
### CIVIL DIVISION

**Check One:**

☒ **Civil Actions Branch**
500 Indiana Ave., N.W.
Room 5000
Washington, D.C. 20001
Telephone: (202) 879-1133

☐ **Landlord & Tenant Branch**
510 4th Street, N.W.
Room 110
Washington, D.C. 20001
Telephone: (202) 879-4879

☐ **Small Claims & Conciliation Branch**
510 4th Street, N.W.
Room 120
Washington, D.C. 20001
Telephone: (202) 879-1120

Imran Awan, et al.
_____
Plaintiff

v.

The Daily Caller, Inc., et al.
_____
Defendant

**SUBPOENA FOR A CIVIL CASE**

CASE NUMBER: 2020 CA 000652 B

To: Department of Justice

☐ Check box if medical records are being requested

☐ **YOU ARE COMMANDED** to appear in this Court at the place, date, and time specified below to testify in the above case.

| COURTROOM AND ADDRESS | DATE | TIME |
|---|---|---|
|  |  |  |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
| Werner Ahari Mangel LLP, 2112 Pennsylvania Avenue, N.W., Suite 200, Washington, D.C. 20037 | 8/14/2024 | 9:30 AM |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which each person will testify. Super. Ct. Civ. R. 30(b)(6).

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below *(list documents or objects)*:

| DOCUMENTS OR OBJECTS |
|---|
| See Exhibit A |

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
| Werner Ahari Mangel LLP, 2112 Pennsylvania Avenue, N.W., Suite 200, Washington, D.C. 20037 | 7/19/2024 | 11:59 PM |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

| ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| s/*Gabriela Richeimer*   Attorney for Def. Salem Media Group, Inc. | 6/17/2024 |

| ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Gabriela Richeimer, Esq., Werner Ahari Mangel LLP, 2112 Pennsylvania Avenue, N.W., Suite 200, Washington, D.C. 20037, (202) 599-1092 |

Authorization as required by D.C. Code §14-307 and *Brown v. U.S.*, 567 A.2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege related to such records.

_____
JUDGE

(See Super. Ct. Civ. R. 45 (c) and (d) on the reverse side)
WHITE - FOR RETURN OF SERVICE    YELLOW - FOR SERVICE

Case Number: **2020 CA 000652 B**          Court Date: _____

## PROOF OF SERVICE

| Served | Date | Time | Place |
|---|---|---|---|
|  |  |  |  |

| Served on (Print Name) | Title |
|---|---|
|  |  |

MANNER OF SERVICE (attach the return receipt if service was made by registered or certified mail) I served the subpoena by delivering a copy to the named person as follows:

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled case and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
             Date                       Signature of Server

                                       _____
                                       Address of Server

**Super. Ct. Civ. R. 45(c) and (d):**
**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.**
(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents, electronically stored information, or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court must quash or modify a subpoena that:
(i) fails to allow reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 25 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place to the place of trial;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 25 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation materials must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A TO SUBPOENA TO THE DEPARTMENT OF JUSTICE

## INSTRUCTIONS

1. The Department of Justice is requested to produce for inspection and copying all responsive Documents and tangible things in its possession, custody, and control, including all Documents and tangible things kept in the normal course of business regardless of whether such Documents and tangible things were created by the DOJ or its employees, attorneys, agents, predecessors, successors or other representatives.

2. Unless otherwise stated, these Requests seek Documents created, received, sent, or otherwise transmitted during the period from January 1, 2012 to the present.

3. All Documents requested herein shall be produced electronically as single-page tagged image file format ("TIFF") with document-level text extraction or portable document format ("PDF") files with embedded text and corresponding .DAT and .LFP load files, except that (1) all spreadsheets, including those created with Microsoft Excel software and (2) all databases shall be produced in their native form. Defendant Salem Media Group, Inc. ("Salem") reserves the right to request the production of any Document in its native form if, after production in TIFF or PDF format, it is determined that a native form of production is necessary. Metadata shall be provided with each electronic production.

4. Each Request herein for a Document or Documents to be produced, whether emails, memoranda, reports, letters, minutes, or other Documents of any description, requires the production of the Documents in their entirety, without redaction or expurgation.

5. If any claim is made that any Document requested herein is privileged or constitutes attorney work product and such Document is not produced, in lieu of each such Document, a written statement should be submitted that provides sufficient information to: (a) identify the person who created, wrote, or prepared the Document and, if applicable, the person to whom the Document or any copy of it was sent; (b) specify the date on which the Document was created, written, prepared, or transmitted; (c) identify the subject matter of the Document; (d) describe the nature of the Document (e.g., letter, memorandum); and (e) describe the nature of the privilege asserted.

6. If any Document responsive to all or part of any Request is not currently available, include a statement to that effect and furnish whatever Documents are available. Include in Your statement when such Document was most recently in Your possession or subject to Your control and what disposition was made of it, and Identify each person currently in possession or control of such Document. If any such Document has been destroyed, state when and whether it was destroyed,

Identify each person who directed that Document to be destroyed or who actually destroyed it, and state the reason(s) the Document was destroyed.

7. These Requests are continuing in nature, and responses thereto shall be modified or supplemented to include any additional Documents, information, knowledge, or date responsive to such Request for production that is later discovered.

8. The past tense shall be construed to include the present tense, and vice versa, to make each Request inclusive rather than exclusive.

9. The singular shall be construed to include the plural and vice versa, to make each Request inclusive rather than exclusive.

10. The masculine form of a noun or pronoun includes the feminine form and vice versa.

11. The terms "and" and "or" shall be interpreted as "and/or" and shall not be interpreted as disjunctively to exclude any response within the scope of a Request.

12. "All" and "each" shall be construed as all and each.

13. "Any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the Request all responses that might otherwise be construed to be outside of its scope.

## DEFINITIONS

For purposes of these Requests for Production:

1. "You" or "DOJ" shall individually and collectively mean and include the Department of Justice and its predecessors, successors, agents, attorneys, affiliates, employees, representatives, and anyone acting or purporting to act on its behalf.

2. The term "Document" is defined to be synonymous in meaning, and equal in scope, to its usage in D.C. Superior Court Rules 30 and 34 and any applicable legal authorities. The term "Document" is used in its broadest sense to encompass all physical and electronically stored records, notes, correspondence, files, memoranda, reports, summaries, drafts, court pleadings, transcripts, telexes, faxes, audio and video recordings, call logs, text messages and instant messages.

3. The term "Communication" is used in its broadest sense to encompass any transmission, exchange, or Documents relating to a transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among the members of a group, whether face-to-face, by telephone, whether oral or in writing, or by means of electronic or other medium, including without limitation those occurring or recorded in meetings, discussions, conversations, speeches, telephone calls, letters, telecopies, telexes, faxes, conferences, seminars, messages, diaries, emails, notes, reports, surveys,

memoranda, or other Documents. The term "Communication" includes all Documents relating to a meeting.

4. The term "including" shall mean "including, but not limited to."

5. The term "person" shall mean any natural person, corporation, firm, company, sole proprietorship, partnership, limited liability company, limited liability partnership, joint venture, association, institute, or any other business, legal, or governmental entity, or any other artificial persons or groups of persons of any kind no matter how identified or organized.

6. The terms "concerning," "relating to," or "related to" shall mean constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with, involving, or in any way relating to.

7. The term "Imran Awan" shall mean Imran Awan, the individual employed by certain members of the United States House of Representatives up and until July 2017 and defendant in the Criminal Case.

8. The term "Awan Defamation Case" shall mean the civil action captioned *Awan, et al., v. The Daily Caller, Inc., et al.*, Case No. 2020 CA 000652 B, pending in the Superior Court of the District of Columbia.

9. The term "Plaintiffs" shall mean, collectively and individually, the plaintiffs in this lawsuit, including Imran Awan, Tina Alvi (f/k/a Hina Alvi), Abid Awan, Jamal Awan, and Rao Abbas

10. The term the "Criminal Case" shall mean the federal criminal action captioned, *United States v. Imran Awan*, No. 1:17-CR-00161 (D.D.C.), and the original caption, *United States v. Imran Awan and Hina Alvi*, No. 1:17-MJ-00524 (D. D.C.), identifying the criminal case as being against Imran Awan and Hina Alvi.

11. The "Plea Agreement" shall mean the agreement entered into between Awan and the Office of the United States Attorney for the District of Columbia in the Criminal Case on July 3, 2018, filed as Dkt. No. 60 in the Criminal Case.

12. The term "Government Investigation" shall mean the investigation discussed in Section 8 of the Plea Agreement.

13. The term "U.S. Attorney" shall mean the Office of the United States Attorney for the District of Columbia and all of its employees, attorneys, agents and representatives.

14. The term "DOJ" shall mean the Department of Justice and all of its employees, attorneys, agents, and representatives.

15. The term "FBI" shall mean the Federal Bureau of Investigation and all of its employees, attorneys, agents and representatives.

16. The term "House" shall mean the United States House of Representatives and all of its employees, attorneys, agents and representatives.

17. The term "House Official" shall mean any person associated with the U.S. House of Representatives, including without limitation any member of the

House of Representatives, person employed by or associated with any Committee, person employed by or associated with the Office of any Representative, person employed by or associated with any Representative in his or her official capacity, or person employed by or associated with any administrative office of the House of Representatives.

18. The term "Capitol Police" shall mean the United States Capitol Police and all of its employees, attorneys, agents and representatives.

19. The term "House IG" shall mean the Office of the Inspector General of the House and all of its employees, attorneys, agents and representatives.

20. The term "media" shall mean any means of communication to the general public, including radio, podcast, television, newspaper, magazine or internet program or publication.

## DOCUMENT REQUESTS

1. All Documents and Communications exchanged between You and Plaintiffs.

2. All Documents and Communications exchanged between You and Christopher Gowen or Gowen Silva & Winograd PLLC regarding Imran Awan, the Criminal Case, the Government Investigation, and/or the Plea Agreement.

3. All Documents and Communications exchanged between You and the FBI, the Capitol Police, House officials or any other person regarding Plaintiffs.

4. All Documents and Communications exchanged between You and the FBI, the Capitol Police, House officials or any other person regarding the Criminal Case.

5. All Documents and Communications exchanged between You and the FBI, the Capitol Police, House officials or any other person regarding the Plea Agreement.

6. All Documents and Communications exchanged between You and the FBI, the Capitol Police, House officials or any other person regarding the Government Investigation.

7. All Documents related to the Government Investigation, including any reports, transcripts, interviews, summaries or notes.

8. All Documents related to the Plea Agreement, including any drafts or pre-agreement memoranda.

9. All Documents and Communications related to any investigation of any of the Plaintiffs in or around fall of 2018.

10. To the extent not produced in response to the other Requests, all Documents and Communications sent or received by David F. Lasseter regarding Plaintiffs, the Criminal Case, the Government Investigation and the Plea Agreement.

11. To the extent not produced in response to the other Requests, all Documents and Communications sent or received by William B. Rubens regarding Plaintiffs, the Criminal Case, the Government Investigation and the Plea Agreement.

12. To the extent not produced in response to the other Requests, all Documents and Communications sent or received by Joanne E. Johnson regarding Plaintiffs, the Criminal Case, the Government Investigation and the Plea Agreement.

13. To the extent not produced in response to the other Requests, all Documents and Communications sent or received by Stephen E. Boyd regarding Plaintiffs, the Criminal Case, the Government Investigation and the Plea Agreement.

14. To the extent not produced in response to the other Requests, all Documents and Communications sent or received by Rachel Tucker regarding Plaintiffs, the Criminal Case, the Government Investigation and the Plea Agreement.

15. To the extent not produced in response to the other Requests, all Documents and Communications sent or received by Iris Lan regarding Plaintiffs, the Criminal Case, the Government Investigation and the Plea Agreement.

16. To the extent not produced in response to the other Requests, all Documents and Communications sent or received by Tashina Gauhar regarding Plaintiffs, the Criminal Case, the Government Investigation and the Plea Agreement.

17. To the extent not produced in response to the other Requests, all Documents and Communications sent or received by Brendan M. Groves regarding Plaintiffs, the Criminal Case, the Government Investigation and the Plea Agreement.

18. All Documents and Communications concerning the July 22, 2018 meeting or briefing between the FBI and members of the House regarding Plaintiffs.

19. To the extent not produced in response to the other Requests, all Documents and Communications, including oral and written questions, submitted by members of the House or staff of members of the House to You regarding Plaintiffs and the FBI's investigation of Plaintiffs.

20. To the extent not produced in response to the other Requests, all Documents and Communications, including presentations, meeting notes and summaries of meetings, regarding the May 10, 2018 and/or May 11, 2018 meeting between the DOJ and the FBI concerning Plaintiffs.

21. To the extent not produced in response to the other Requests, all presentations, meeting notes and summaries of meetings between You and the FBI and/or meetings between the FBI and members of the House regarding Plaintiffs and the FBI's investigation of Plaintiffs.

22. To the extent not produced in response to the other Requests, Documents sufficient to identify all persons who participated in the Criminal Case.

23. To the extent not produced in response to the other Requests, Documents sufficient to identify all persons who participated in the Government Investigation.

24. To the extent not produced in response to the other Requests, Documents sufficient to identify all persons who participated in the negotiation or formation of the Plea Agreement.

25. To the extent not produced in response to the other Requests, Documents sufficient to identify all persons from whom You sought information in connection with the Criminal Case, whether or not any information was received from such person in connection with the Criminal Case.

26. To the extent not produced in response to the other Requests, Documents sufficient to identify all persons from whom You sought information in connection with the Government Investigation, whether or not any information was received from such person in connection with the Government Investigation.